## GANCHOFF v. HOME OWNERS' LOAN CORPORATION et al.

### No. 1128.

District Court, E. D. Wisconsin.

Oct. 12, 1943.

Christo P. Ganchoff, pro se.

Arnold C. Otto, of Milwaukee, Wis., for defendant Home Owners' Loan Corporation.

Ward Dunphy, of Milwaukee, Wis., for defendant Minor.

William H. Churchill, of Milwaukee, Wis., for defendants Bay View Federal Savings & Loan Ass'n and Mabel J. and Clarence J. Bullock.

J. O. Carbys, of Milwaukee, Wis., for defendant Val F. Zillig.

DUFFY, District Judge.

Plaintiff is not an attorney, and appears herein in pro. per. This action was commenced June 25, 1943. The original complaint consists of 41 typewritten pages, to which an affidavit of plaintiff is attached consisting of 144 typewritten pages. The complaint was amended on July 13, 1943, by a document entitled "Amendment and Supplemental Pleadings", which is 18 pages in length, not counting the various papers, agreements, and instruments annexed. For the purpose of the motions before the court, the aforementioned papers, pleadings and documents will be considered as the complaint herein.

Plaintiff demands judgment (a) against the Home Owners' Loan Corporation cancelling mortgage note and mortgage, dated February 17, 1936, and for the "return" of payments made thereon; (b) against Bay View Federal Savings & Loan Association, Mabel J. Bullock and Clarence J. Bullock that they be required to return to defendant Home Owners' Loan Corporation certain bonds received by them on February 17, 1936, delivered as part of the refinancing of the mortgage indebtedness of the plaintiff and his wife, Catherine; and (c) against the defendants, other than Home Owners' Loan Corporation, for $15,000 compensatory, plus $10,000 punitory, damages for alleged fraud and conspiracy.

The defendants herein have interposed answers and motions setting forth among other things the defense of the statute of limitations, and have moved for judgment on the pleadings.

Pushing aside the great mass of verbiage, assertions of argument and opinion, strip-

350

ping away the irrelevancies, and overlooking the failure of plaintiff, a layman, to present "a short and plain statement of the claim showing that the pleader is entitled to relief" (Rule 8(a)(2), Federal Rules of Civil Procedure) and that "each averment of a pleading shall be simple, concise, and direct" (rule 8(e)(1), Federal Rules of Civil Procedure) plaintiff's claim may be summarized as follows: At various times during the two year period prior to February 22, 1936, the defendants by illegal means and by wrongful conspiracy and fraud brought about a refinancing and a readjustment of certain mortgage indebtedness which was owing by the plaintiff and his wife, and that such refinancing resulted in damage to the plaintiff for which he claims redress.

Many, if not all, of the plaintiff's claimed grievances were involved in litigation prosecuted by him in the State courts. Plaintiff's contentions were there found untenable. Ganchoff v. Bullock, 234 Wis. 613, 291 N.W. 837. A statement of the principal facts upon which plaintiff relied for recovery appear in the report of that case and need not be repeated here in detail. However, the following statement succinctly sets forth the status of the mortgages: "* * * As a result of the transactions, HOLC holds a first mortgage of $3,520 on all of the four acres except 80x 200 feet on the northeast corner. The building and loan association has a first mortgage of $1,986.88 on the 80x200 feet tract, and Mabel J. Bullock a second mortgage on this tract of $1,074. This makes a total indebtedness of $6,574 [$6,580.88] against the original indebtedness of $6,-321.65, the difference being accounted for by interest balances which accumulated during the nearly two years required to close the deal." 234 Wis. 613, 616, 291 N.W. 837, 838.

Assuming that the plaintiff had any cause of action against any or all of the defendants, same accrued more than six years prior to the commencement of this action. Statutes of limitation of the State govern personal actions in courts of the United States. Russell v. Todd, 309 U.S. 280, 289, 60 S.Ct. 527, 84 L.Ed. 754; Balkam v. Woodstock Iron Co., 154 U.S. 177, 187, 14 S.Ct. 1010, 38 L.Ed. 953; Michigan Insurance Bank v. Eldred, 130 U.S. 693, 696, 9 S.Ct. 690, 32 L.Ed. 1080. In as much as the six year statute applies (Sec. 330.19(5) and (7), Wisconsin Stats.)

plaintiff's alleged causes of action are barred as to right and remedy.

Judgment on the pleadings in favor of the defendants and against the plaintiff may be entered.